## Case No. 15,388.
### UNITED STATES v. HOPPE.
[Hoff. Dec. 4.]
District Court, N. D. California. Sept. 8, 1859.

MEXICAN LAND GRANTS—FINALITY OF DECREES— OBJECTIONS TO SURVEY.

[Where objections are filed to a survey, had under a decree of this court establishing the authenticity of a claim,—decrees of that character having been declared by the supreme court in U. S. v. Fossatt, 21 How. (62 U. S.) 450, not to be, in the strict sense, "final decrees,"—it is the duty of the court to pass upon, and, if necessary, to remove by interpretation, any ambiguities or repugnancies which may exist in such decree: but the decree must be considered as finally determining that, as between the claimant and the United States, the claim is valid.]

[This was a claim by the heirs of Jacob D. Hoppe for Ulistac, one-half square league in Santa Clara county. Granted May 19, 1845, by Pio Pico to Marcelo Pio and Cristoval,

Claim filed March 19, 1852, by Jacob D. Hoppe. Confirmed by the commission May 8, 1855, and by the district court March 2, 1857 (case unreported). Now heard on objections to survey.]

HOFFMAN, District Judge. The surveyor having delivered to this court a certified copy of the survey and plat made by him, objections thereto have been filed on the part of the United States. A motion is now made to strike from the records those objections, on the ground that the survey is in conformity with the decree, and that the correctness of the decree confirming the claim cannot now be impeached on the part of the United States. It is contended that, of the land included within the general boundaries mentioned in the decree, a part of a tract of 1,000 varas had, before the date of the grant in the case at bar, been conceded to one Barcelia Bernal; that the claimant neither before the board, nor in this court, pretended that this tract should be included within the land granted to him; that he so stated in his petition to the board, and so represented in the original diseño, which accompanied his petition to the governor. It is also urged by the United States that they are prepared to show that the land embraced within the external boundaries is, if the 1,000 varas tract be excluded, of the extent mentioned in the grant, viz. one-half a square league, while, if that tract be included, the quantity of land confirmed to the claimant will exceed by the whole extent of the tract so included, the extent to which the grant is limited. It is not a little embarrassing to attempt to determine the precise force which should be attributed to those decrees of this court preliminary to a survey, which, until the recent decision in the case of U. S. v. Fossatt, 21 How. [62 U. S.] 450, had been supposed to be its final decrees. That those decrees are final in a certain and limited sense is clear; for an appeal from them has been entertained by, and will still lie to, the supreme court. But the decision referred to instructs us that this practice is a "relaxation of the rules of proceedings," and that the decrees so appealed from, and revised by the supreme court, were not final decrees under the judiciary act of 1789 [1 Stat. 73], or in the ordinary sense of the term. The reasons for this departure from ordinary rules are to be found, say the court, in the peculiar nature of the controversy, and the character of the parties which rendered inappropriate the "strict rules of proceeding that experience has suggested to secure a speedy and exact administration of justice between suitors of a different character." U. S. v. Fossatt, 21 How. [62 U. S.] 450, 451.

If then the decree of this court ascertaining the authenticity of the claim be not a final, but merely an interlocutory decree, it might be argued that it is still open to revision and correction by the court. But the consequences of such an assumption of power would be in the highest degree important; for, under color of reforming the survey, the whole merit of every claim finally passed upon by the court, and the controversy as to which was supposed to be settled, might be reopened, to the great delay and vexation of suitors. It is unnecessary, however, now precisely to determine how far the decrees of this court, which by the supreme court seem to be pronounced not final (though appealable), are none the less conclusive; so that all questions, whether of boundary, extent, or any other nature, are res adjudicata. It is at least clear that in this proceeding, with respect to surveys, whether it be regarded as supplementary to the final decree already rendered, or preliminary to the final decree to be hereafter rendered, the court must pass upon, and, if necessary, remove by interpretation, any ambiguities or repugnancies which may exist in the decree by which the authenticity of the claim was established. In the decree of the board in the case at bar, the land confirmed is designated by specific boundaries—but it is added that those boundaries contain half a league, viz: the quantity mentioned in the grant. If then it appears that the land included within the boundaries exceeds that amount, a question as to the construction of the decree will arise which should properly be resolved by the court. Is the decree to be construed as meaning that all the land within the boundaries should be confirmed, without regard to the limitation of quantity contained in the grant and expressed in the decree? Or is the decree to be taken as meaning that the quantity of land mentioned, if found within the boundaries, shall be confirmed and the excess reserved? On this question it seems to me that either party has a right to be heard, whatever force or finality be assigned to the decree already rendered; and it should be passed upon by the court after hearing such evidence as to the extent of the land within the boundaries, and circumstances of the case may be admissible and proper to assist it in arriving at a proper construction of the decree, and a precise determination of the rights growing out of it.

I shall therefore deny the motion to strike out the exceptions; leaving, however, to the claimant, the right to urge at the hearing, and after the testimony shall have been taken, all the objections to such testimony, and every consideration in favor of his interpretation of the decree and of its absolute finality, as to which he may be advised. It may be observed, however, that with respect to the third exception. I have not been able to perceive how the matters therein set up can be inquired into in this stage of the proceeding. If the decree rendered have any finality whatsoever, it must be considered as finally determining that, as between the United States and himself, the claim of the claimant is valid. To allow a third party to attempt now to show that the title to the rancho is not, nor ever at any "time was,

in him," is to reopen the whole controversy, and to invite a renewal of the litigation in all these cases on every point already adjudged and determined. If the title be in some person other than the confirmee, his rights can be asserted in the ordinary tribunals; and if a proper case be made, the issuance of the patent to the confirmee may be enjoined until the determination of the controversy.

At no stage of the cause has this court or the board felt itself authorized to enter into and determine mere questions of private right, or to allow the intervention in the suit of rival claimants under the original grantee. It has considered that its duty was confined to determining whether the land was public land or private, and whether there existed in the original grantee or his representatives such a right of property as the United States were bound to respect. But as between various persons claiming to hold the rights of the grantee, it did not attempt to decide, and contented itself with merely exacting that the claimant should derive a prima facie and apparently regular deraignment of title from the original grantee.

It might probably have been permitted to the United States, in any case, to show that the claimant had no title whatever; and in such case, and in cases where his title was doubtful, the decree might have been in favor of the legal representatives of the grantee, whoever they might be found to be. But when no such proof has been offered nor question raised, where the confirmation has been made to the claimant, the correctness of the decree acquiesced in by the United States, and all that remains to be done is to designate by a survey to be approved by the court, the land confirmed, I do not see how the United States can be heard to own, or be permitted to prove, that the claimant has not, and never had, any title derived from the original grantee. As this point was not touched upon at the hearing of the motion, it may be inexpedient now finally to dispose of it. It will be sufficient to deny generally the motion to strike out all the exceptions, and to order that the United States have leave to take proofs in support of the first two, but that no proofs be taken in support of the third, unless hereafter so ordered by the court, on motion of the United States, with notice thereof to the claimant's attorney.